IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DALE E. FINDLEY     *
    *
    *    Civil No. JFM-08-3509
    *
VOLVO POWERTRAIN NORTH     *
AMERICA, ET AL.     *
    *****

MEMORANDUM

In this action plaintiff claims that defendants terminated his employment because of his age and in retaliation for him having asserted claims for age discrimination. The action has been plagued from the outset by discovery disputes, the last of which arose as the summary judgment deadline set by this court's scheduling order approached. I declined to rule upon the last discovery disputes, indicating instead that defendants should file (as they planned to do) a motion for summary judgment and that plaintiff, if he continued to assert that he needed additional discovery, could file a Rule 56(f) motion in opposition. I followed this course because I believe that I would be able to understand more fully the discovery issues after I had been educated on the underlying merits of the case through defendants' summary judgment motion.

Defendants have now filed their motion for summary judgment. Plaintiff has responded to that motion solely by filed a Rule 56(f) motion. The latter motion has now been fully briefed. I am satisfied that plaintiff is not entitled to any further discovery and that on the basis of the record as it now exists, defendants are entitled to the summary judgment they seek.

Defendants assert that Mack Trucks, Inc., plaintiff's employer, terminated his employment. Plaintiff, as a supervisor, failed to assure that a required quality control check

called acid etch testing had been performed on crankshafts.[1] The failure of this test to be conducted resulted in Mack Trucks incurring costs in excess of one million dollars and caused damage to its reputation. Defendants argue that plaintiff's dereliction in this respect provided Mack Trucks with a clear non-pretextual reason for the termination of plaintiff's employment.

Although plaintiff has been granted extensive discovery, he argues that he needs additional discovery to challenge the defense that defendants have asserted. However, it is undisputed that Mack Trucks conducted a deliberate investigation before terminating the employment of plaintiff, and that plaintiff admitted during an investigation that he failed to review the work instructions and to make sure that the operators under his supervision follow the process set forth in the written instructions. Moreover, he admitted that a number of co-workers reminded him of the need to perform the acid etch testing. These admissions themselves entitled Mack Trucks to take the action that it did. Indeed, it is, to say the least, somewhat disconcerting that a supervisory employee who has cost his employer over one million dollars should claim that his employment should not be terminated because of his non-performance and that his employer should face the uncertainty and cost of virtually interminable litigation.

Accordingly, a separate order is being entered herewith granting defendants' motion for summary judgment and denying plaintiff's Rule 56(f) motion.

Date:   April 6, 2010                                    __/s/_____
                                                         J. Frederick Motz
                                                         United States District Judge

---

[1] In addition to the reasons stated in this memorandum, Volvo Powertrain NorthAmerica, Volvo Trucks North America, and Volvo Group North America, Inc. are entitled to summary judgment because they did not themselves employ plaintiff and were not named in his EEOC charge.